## Keystone Commercial Co., Appellant, *v.* Recht.

*Assumpsit—Assumpsit for goods sold and delivered—Charge of Court.*

In an action of assumpsit to recover for goods sold and delivered, the evidence was conflicting as to whether the goods had been ordered by the defendant or a third party. There was evidence that defendant had orally guaranteed the payment of a check given by the third party, for goods delivered by plaintiff.

In such case, the trial judge did not introduce "a principle of law not applicable to the case" by charging that defendant's promise, standing alone, would not bind him, as it was a promise to answer for the debt of another and should have been in writing.

A juror, unlearned in the law, might conclude, irrespective of the fact that the check was given by the third party, that defendant should be held to his promise. The charge was proper to exclude such interpretation.

Argued April 28, 1927. Appeal No. 111, April T., 1927, by plaintiff from order of C. P. Allegheny County, October T., 1926, No. 226, in the case of Keystone Commercial Company, a corporation, v. Sam Recht. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

446, (1927.)   Statement of Facts—Opinion of the Court.

Petition for leave to appeal from the County Court. Before REED, J.

The facts are stated in the opinion of the Superior Court.

Petition was discharged.   Plaintiff appealed.

*Error assigned* was the order of the Court.

*Blythe S. Weddell,* and with him *Frank R. S. Kaplan,* for appellant.

*T. M. Gealey,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The action was brought to recover the price of goods sold and delivered. The case was tried in the County Court of Allegheny County and the verdict was in favor of the defendant. The plaintiff petitioned the Court of Common Pleas for leave to appeal. The appeal was refused. From that order the present appeal is taken.

There is but one question submitted and that is whether the trial judge erred in his charge to the jury by "introducing a principle of law not applicable to the case" when such introduction would tend to confuse the jury. The part of the charge which the appellant claims is objectionable is as follows: "Mr. Spiegel's testimony is that he called Sam Recht up, which, of course, is denied on the part of Recht, and also by Mr. Alpern, who testified that he was the man that Mr. Spiegel talked to about this check. So far as Mr. Recht saying, as Mr. Spiegel alleges, that he would see that it was paid, that alone, that statement alone, if he was not the real owner of the store, that statement alone would not bind him. If he, Sam Recht, was to answer for the debts of another to the amount of this bill, a promise of that kind should have been in writing to bind him. Under what we call the Statute of

Frauds, it should be in writing. I mean by that, if he had no other connection with it. But if he, Sam Recht, was the real defendant in this case, if he ordered the goods and had them charged to him, then he would be liable.''

In explanation of the above matter, we note that Spiegel testified that he called Recht on the telephone and asked him why he did not make the checks good and he answered, ''Don't be afraid of it, I will see that it is paid, I will make them good.'' The check referred to was drawn by Max Alpern. We think the remark of the court, above quoted, in view of this testimony was proper. A juror, unlearned in the law, might well come to the conclusion that, irrespective of the fact that the check was given by Alpern, if Recht said he would make it good and pay it he should be as good as his word and should be held to his statement. It was to exclude such misinterpretation of the matter that the court correctly told the jury that the statement of Mr. Recht, standing alone, would not bind him as it was the promise to answer for the debt of another. This was not ''introducing a principle of law not applicable to the case'' but was guiding the jury so as to prevent them from basing a conclusion on a wrong premise. We all agree that the appeal was properly refused. The plaintiff had a fair trial and there is no reason shown why he should be allowed to try the case again.

The order of the lower court is affirmed.